IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY L SCHILLER,

    Plaintiff,
v.                                      CASE NO. 4:15-cv-631-MW-GRJ

FDOC SECRETARY JULIE JONES,
et al.,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a handwritten document construed as a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on December 31, 2016. ECF No. 1. Plaintiff alleged that officers at Liberty CI violated his constitutional rights in various ways. Plaintiff failed to either pay the $400.00 civil rights filing fee or a motion for leave to proceed as a pauper. The Court ordered Plaintiff to correct these deficiencies by February 19, 2016. ECF No. 6.

In the meantime, Plaintiff was transferred to Walton CI. ECF No. 4. The Court has given Plaintiff two extensions of time to file his complaint on the Court's form and to file a motion for leave to proceed as a pauper. ECF Nos. 8, 10. The Court ordered Plaintiff to comply by March 18, 2016,

and warned Plaintiff that no further extensions would be granted, in view of the fact that this case had been pending for two months with no progress. The Court noted that "[t]he documents that Plaintiff must file are the basic pleadings necessary to initiate a case." ECF No. 10.

Plaintiff has now filed an additional motion for extension of time to comply and a motion for a restraining order against the Department of Corrections. ECF Nos. 11, 12. Plaintiff alleges that an additional extension of time is necessary because he is in disciplinary confinement at Walton CI. He contends that officials at Walton CI have retaliated against him for filing lawsuits and grievances by falsely charging him with possession of a knife, by making death threats against him, and by sending "inmate clique gang" members to harm him. ECF Nos. 12.

While the Court takes such allegations seriously, in this instance they are not properly before the Court. Plaintiff initiated this case by making claims regarding his conditions of confinement at Liberty CI. ECF No. 1. Plaintiff has wholly failed to comply with the Court's order to file an amended complaint on the court's form with respect to such claims, and has wholly failed to comply with the order to file a motion for leave to proceed as a pauper.

Further, Plaintiff's motion for injunctive relief in connection with the conditions of confinement at Walton CI is due to be stricken because the motion is deficient on its face. Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*, citing United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.* Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.* A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth.*

*v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

The motion does not establish the four prerequisites described above.  Further, pursuant to Fed. R. Civ. P. 65(c), "[t]he Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or retrained."  Plaintiff's motion is not accompanied by any security, and the persons sought to be enjoined are not parties to this case.  Because the motion is procedurally defective it will be stricken.

The Court takes judicial notice that Plaintiff has filed a nearly identical motion for injunctive relief in a civil lawsuit that is currently pending in the Middle District of Florida.  *See Schiller v. Areteno*, Case No. 3:13-cv-1001-TJC-JBT, ECF No. 85, (M.D. Fla.).  In that case, pursuant to a standing order of the Jacksonville Division of the Middle District, Plaintiff's motion was referred to the Inspector General of the Florida Department of Corrections.  *Id*., ECF No. 87 (3/14/16).  Accordingly, the Court is satisfied that the threats of harm alleged in Plaintiff's motion in this case have been brought to the attention of the proper authority.

The Court is not persuaded that Plaintiff should be afforded additional time to file an amended complaint and motion for leave to

proceed as a pauper with respect to his claims against Liberty CI. This case has now been pending for almost three months with no progress due to Plaintiff's failure to comply. Moreover, any claims for injunctive relief against officials at Liberty CI are now moot because Plaintiff is no longer confined there. If plaintiff continues to have cognizable claims against officers at Liberty, he may pursue such claims by filing a complaint on the Court's form and either paying the fee or filing a motion for leave to proceed as a pauper.

Accordingly, it is **ORDERED** that Plaintiff's motion for extension of time, ECF No. 11, is **DENIED**, and his motion for injunctive relief, ECF No. 12, is **STRICKEN** as facially deficient.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS** in Gainesville, Florida this 18th day of March 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.